**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4209**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSE JOAN CRUZ-SANTANDER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:09-cr-00126-F-2)

———————

Submitted:  January 31, 2012     Decided:  February 17, 2012

———————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Joan Cruz-Santander appeals his convictions and the 180-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Counsel for Cruz-Santander filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous issues for appeal. Cruz-Santander was informed of his right to file a supplemental brief, but has not done so. The Government declined to file a brief.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We begin by reviewing the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. We next assess the substantive reasonableness of the sentence, "taking into account

2

the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Because Cruz-Santander received the sentence he requested, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 577-78, 580 (4th Cir. 2010); see also United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (reviewing claim of procedural unreasonableness for plain error because defendant did not argue for sentence different from sentence he received).

Our review of the record leads us to conclude that the district court properly calculated Cruz-Santander's Guidelines range and offered a sufficiently reasoned explanation for the sentence imposed. Cruz-Santander's sentence to the statutory mandated minimum terms of imprisonment is procedurally and substantively reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cruz-Santander, in writing, of the right to petition the Supreme Court of the United States for further review. If Cruz-Santander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy thereof was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED